**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) No. 11-03097-01-CR-S-GAF |
| | ) |
| Plaintiff, | ) **COUNTS ONE THROUGH TWELVE** |
| | ) (Bank Fraud) |
| v. | ) 18 U.S.C. § 1344 |
| | ) NMT 30 Years Imprisonment |
| **MICHAEL R. USSERY,** | ) NMT $1,000,000 Fine |
| [DOB: 4-10-1957] | ) NMT 5 Years Supervised Release |
| | ) Class B Felony |
| Defendant. | ) Mandatory Restitution |
| | ) |
| | ) **COUNTS THIRTEEN THROUGH** |
| | )  **TWENTY-FOUR** |
| | ) (False Statements to Bank) |
| | ) 18 U.S.C. § 1014 |
| | ) NMT 30 Years Imprisonment |
| | ) NMT $1,000,000 Fine |
| | ) NMT 5 Years Supervised Release |
| | ) Class B Felony |
| | ) Mandatory Restitution |
| | ) |
| | ) **COUNTS TWENTY-FIVE THROUGH** |
| | ) **THIRTY-EIGHT** |
| | ) (Money Laundering) |
| | ) 18 U.S.C. § 1957 |
| | ) NMT 10 Years Imprisonment |
| | )  NMT $250,000 Fine (or twice the value |
| | ) of the criminally derived property) |
| | ) NMT 3 Years Supervised Release |
| | ) Class C Felony |
| | ) |
| | ) $100 Mandatory Special |
| | ) Assessment-Each Count |

# I N D I C T M E N T

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

## *PARTIES AND ENTITIES*

1. **MICHAEL R. USSERY,** (herein "USSERY") was the owner and operator of USS Properties, and Villa Properties, both with business addresses in Greene County, Missouri. During the year of 2007, Ussery was a residential property developer and contractor who was building a house for himself located at 1780 South Circle U Lane, in Bois D'Arc, Greene County, Missouri, (herein known as "Circle U property").

2. **MID-MISSOURI BANCSHARES** (herein "Mid-Missouri") is a financial institution located in Springfield, Missouri, with a branch location in Republic, Missouri, which is an insured depository institution (as defined in section 3(c)(2) of the Federal Deposit Insurance Act), and is a "financial institution" under Title 18, United States Code, Section 20.

3. **USS PROPERTIES** was a business owned and operated by USSERY during the year of 2007, that developed residential properties for sale. USSERY's role in the business was to purchase real estate, subdivide it for development, and then arrange for the building of family homes on the property.

4. **VILLA PROPERTIES** was a business owned and operated by USSERY during the year of 2007, that developed residential properties for sale. USSERY's role in the business was to purchase real estate, subdivide it for development, and then arrange for the building of family homes on the property.

## COUNTS ONE THROUGH TWELVE
(Bank Fraud-Title 18, United States Code, Section 1344)

### The Scheme and Artifice to Defraud

5. Beginning on or about May 1, 2007, and ending on or about August 1, 2007, **MICHAEL R. USSERY** devised a scheme and artifice to defraud, by means of materially false or fraudulent, pretenses, representations, or promises, to obtain moneys, funds, credits, assets, securities, or other property, owned by or under the custody or control of Mid-Missouri.

6. As part of the scheme and artifice, USSERY, on or about May 1, 2007, obtained a construction loan from the Republic, Missouri, Mid-Missouri branch in the amount of one million six hundred thousand dollars ($1.6 million) to finance a personal residence, on which USSERY had already begun construction, located at the Circle U property.

7. As part of the construction loan agreement, Mid-Missouri held the $1.6 million in a construction loan account at Mid-Missouri, with an account number of *****1001, and allowed USSERY to access the construction loan in order to pay for work done on the building of the residence. To make a disbursement request on the construction loan, USSERY was to have contractors working on the residence submit invoices for work completed, along with a lien waiver releasing the property from any encumbrance on the part of the contractor for the work done on the house after payment was received.

8. These invoices and lien waivers were sent by USSERY by facsimile to Mid-Missouri. After receiving each invoice and the lien waiver, Mid-Missouri released the portion of the $1.6 million construction loan related to that particular invoice from account number *****1001 to USSERY's personal account, with an account number of *****0561, also held at the Mid-Missouri

3

branch location in Republic.

9. Beginning on or about May 29, 2007, and ending on or about June 25, 2007, a total of 12 invoices and lien waivers were submitted to Mid-Missouri, purportedly from contractors completing work at Ussery's Circle U residence, to draw money from the $1.6 million loan amount for construction of the residence. In fact, each of these 12 invoices and lien waivers were falsified, faked or forged, either created by, or caused to be submitted by, USSERY, and contained materially false or fraudulent pretenses, representations, or promises, in order to draw money from the $1.6 million loan amount. The contractors who were identified on the falsified, faked or forged invoices and lien waivers submitted by USSERY to Mid-Missouri, did not prepare or submit the invoices or lien waivers, did not perform the work on the Circle U property indicated in the invoices, did not agree to waive any lien on the Circle U property for work actually done on the property, and did not receive any payments from USSERY for work done as indicated in the invoices.

10. Based upon USSERY's submission of each falsified, faked or forged invoice and lien waiver containing materially false or fraudulent pretenses, representations, or promises, Mid-Missouri submitted regular deposit transfers from account *****1001, to USSERY's personal account *****0561, during a period of time beginning on or about May 30, 2007, to on or about July 24, 2007. In total, Mid-Missouri transferred $405,942.27 from account *****1001 to USSERY's personal account *****0561 based on the fraudulent representations in these 12 invoices. But for the USSERY's submission, the false, faked or forged invoice and lien waivers containing materially false or fraudulent, pretenses, representations, Mid-Missouri would not have transferred $405,942.27 from account *****1001 to USSERY's personal account *****0561.

4

11. From on or about May 30, 2007, to on or about August 1, 2007, USSERY caused checks to be written from his Mid-Missouri account *****0561 to various accounts for USS Properties and Villa Properties, both businesses being owned and operated by USSERY. The transfer of the funds to these accounts was not to pay for the construction of the Circle U property.

## The Charges

12. The factual allegations contained in paragraphs 1-11 of this indictment are incorporated by reference herein to fully describe the scheme and artifice devised by USSERY.

13. On or about the dates cited below, in Greene County, in the Western District of Missouri, and elsewhere, the defendant, USSERY, alone, and along with others, knowingly and willfully executed and attempted to execute the above-described scheme and artifice to defraud, and obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of Mid-Missouri, a financial institution as defined under Title 18, United States Code, Section 20, in violation of Title 18, United States Code, Sections 1344 and 2.

| COUNT | DATE | ACT OR ATTEMPTED ACT OF EXECUTION |
|---|---|---|
| 1 | May 29, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request and lien waiver in the amount of $13,247.84 from Springfield Cultured Stone Company, purportedly for stone furnished by the company for the construction of the Circle U property. The lien waiver was purportedly signed by Rick Turner, the owner of Springfield Cultured Stone. The lien waiver was not prepared by Springfield Stone and Turner did not sign the lien waiver. USSERY knew that the lien waiver and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds. As a result of the misrepresentations, Mid-Missouri disbursed $13,247.84 to USSERY's personal bank account *****0561, on or about May 30, |

5

|   |   | 2007. |
|---|---|---|
| 2 | May 29, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request, invoice and lien waiver in the amount of $23,000 from Lopez Masonry, purportedly for brick and stone work furnished by the company for the construction of the Circle U property. The lien waiver was purportedly signed by Martin Lopez. The lien waiver and invoice were not prepared by Lopez Masonry and Lopez did not sign the lien waiver. USSERY knew that the lien waiver, invoice and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds. As a result of the misrepresentations, Mid-Missouri disbursed $23,000 to USSERY's personal bank account *****0561, on or about May 30, 2007. |
| 3 | May 30, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request, invoice and lien waiver in the amount of $40,000 from Springfield Heating and Cooling, purportedly for heating and air conditioning work furnished by the company for the construction of the Circle U property. The lien waiver was purportedly signed by Shaun Tews. The lien waiver and invoice were not prepared by Springfield Heating and Cooling and Tews did not sign the lien waiver. USSERY knew that the lien waiver, invoice and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds. As a result of the misrepresentations, Mid-Missouri disbursed $40,000 to USSERY's personal bank account *****0561, on or about May 30, 2007. |
| 4 | May 31, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request, invoice and lien waiver in the amount of $38,600 from SCS Home Entertainment, purportedly for security system and electrical work furnished by the company for the construction of the Circle U property. The lien waiver was purportedly signed by Kevin Cunningham. The lien waiver and invoice were not prepared by SCS Home Entertainment and Cunningham did not sign the lien waiver. USSERY knew that the lien waiver, invoice and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds. |

|   |   | As a result of the misrepresentations, Mid-Missouri disbursed $38,600 to USSERY's personal bank account *****0561, on or about May 31, 2007. |
|---|---|---|
| 5 | June 3, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request, invoice and lien waiver in the amount of $39,350 from B and K Fireplace, purportedly for installation of fireplaces and other work furnished by the company for the construction of the Circle U property. The lien waiver was purportedly signed by Bruce Gelle. The lien waiver and invoice were not prepared by B and K Fireplace and Gelle did not sign the lien waiver. USSERY knew that the lien waiver, invoice and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds. As a result of the misrepresentation, Mid-Missouri disbursed $39,350 to USSERY's personal bank account *****0561, on or about June 4, 2007. |
| 6 | June 8, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request, invoice, and lien waiver in the amount of $12,692 from R and R Plumbing, purportedly for installation of gas lines and other work or material furnished by the company for the construction of the Circle U property. The lien waiver was purportedly signed by Reggie Sale. The lien waiver and invoice were not prepared by R and R Plumbing and Sale did not sign the lien waiver. USSERY knew that the lien waiver, invoice, and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds. As a result of the misrepresentation, Mid-Missouri disbursed $12,692 to USSERY's personal bank account *****0561, on or about June 8, 2007. |
| 7 | June 11, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request, invoice, check and lien waiver in the amount of $26,633.22 from Metro Building Supply, purportedly for installation of electronic appliances cabinets and other work or material furnished by the company for the construction of the Circle U property. The lien waiver was purportedly signed by Dan Fisher. The lien waiver and invoice were not prepared by Metro Building Supply and Fisher did not sign the lien |

| | | |
|---|---|---|
| | | waiver. USSERY knew that the lien waiver, invoice, check and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds. As a result of the misrepresentations, Mid-Missouri disbursed $26,633.22 to USSERY's personal bank account *****0561, on or about June 11, 2007. |
| 8 | June 11, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request, invoice, check and lien waiver in the amount of $42,609 from Davis Cabinet Shop, purportedly for installation of cabinets and other work furnished by the company for the construction of the Circle U property. The lien waiver was purportedly signed by Paul Davis. The lien waiver and invoice were not prepared by Davis Cabinet Shop and Davis did not sign the lien waiver. The check, purported to have been written from USSERY's account at First Midwest Bank, Jackson, Missouri, was never submitted for payment at the bank. USSERY knew that the lien waiver, invoice, check and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds. As a result of the misrepresentations, Mid-Missouri disbursed $42,609 to USSERY's personal bank account *****0561, on or about June 11, 2007. |
| 9 | June 22, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request and lien waiver in the amount of $35,721.06 from Dyke's Lumber, purportedly for lumber and other work or material furnished by the company for the construction of the Circle U property. The lien waiver was purportedly signed by Billy Foster. The lien waiver and invoice were not prepared by Dyke's Lumber and Foster did not sign the lien waiver. USSERY knew that the lien waiver and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds. As a result of the misrepresentations, Mid-Missouri disbursed $35,721.06 to USSERY's personal bank account *****0561, on or about June 22, 2007. |
| 10 | June 25, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request and lien waiver in the amount of $15,100 from Lane Excavating, purportedly for the installation of a septic system and other work or |

8

| | | |
|---|---|---|
| | | material furnished by the company for the construction of the Circle U property. The lien waiver was purportedly signed by Dennis Lane. The lien waiver was not prepared by Lane Excavating and Lane did not sign the lien waiver. USSERY knew that the lien waiver and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds. As a result of the misrepresentations, Mid-Missouri disbursed $15,100 to USSERY's personal bank account *****0561, on or about June 25, 2007. |
| 11 | June 25, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request, invoice and lien waiver in the amount of $17,327.64 from Willard Electrical, purportedly for electrical work and other work or material furnished by the company for the construction of the Circle U property. The lien waiver was purportedly signed by "Marc Myer." The lien waiver and invoice were not prepared by Willard Electrical which was owned and operated at the time by Mark Huff. Huff did not sign the lien waiver and the purported signature of "Marc Myer," was that of someone not involved with Willard Electrical. USSERY knew that the lien waiver and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds. As a result of the misrepresentations, Mid-Missouri disbursed $17,327.64 to USSERY's personal bank account *****0561, on or about June 25, 2007. |
| 12 | June 28, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request, check and lien waiver in the amount of $11,136.73 from Springfield Cultured Stone, purportedly for stone and other work or material furnished by the company for the construction of the Circle U property. The lien waiver was purportedly signed by Rick Turner. The lien waiver was not prepared by Springfield Cultured Stone and Turner did not sign the lien waiver. USSERY knew that the lien waiver and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds. As a result of the misrepresentation, Mid-Missouri disbursed $11,136.73 to USSERY's personal bank account *****0561, on or about June 28, |

| | | 2007. |
|---|---|---|

## COUNTS THIRTEEN THROUGH TWENTY-FOUR
(False Statements to FDIC Bank-Title 18, United States Code, Section 1014)

### The Charges

14. The factual allegations contained in paragraphs 1-11 of this indictment are incorporated by reference herein.

15. On or about the dates cited below, in Greene County, in the Western District of Missouri, and elsewhere, the defendant, **MICHAEL R. USSERY**, alone, and along with others, knowingly made a material false statement or report for the purpose of influencing the action of Mid-Missouri Bank, an institution whose accounts are insured by the FDIC, in connection with a loan for construction of residential property, and the disbursements of that loan to USSERY by Mid-Missouri, in that the defendant submitted, or caused to be submitted, false, forged and fraudulent documents to Mid-Missouri, described in detail under each count charged, in order to induce or cause Mid-Missouri to distribute or disburse a portion of the loan amount to USSERY, when in truth and in fact, as the defendant well knew, the documents submitted were false, forged and fraudulent, all in violation of Title 18, United States Code, Section 1014 and 2.

| COUNT | DATE | ACT OR ATTEMPTED ACT OF EXECUTION |
|---|---|---|
| 13 | May 29, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request and lien waiver in the amount of $13,247.84 from Springfield Cultured Stone Company, purportedly for stone furnished by the company for the construction of the Circle U property. The lien waiver was purportedly signed by Rick Turner, the owner of Springfield Cultured Stone. The lien waiver was not prepared by Springfield Stone and Turner did not sign the lien waiver. USSERY knew that the lien waiver and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to |

10

|    |              |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                |
|----|--------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    |              | disburse the funds.  As a result of the misrepresentations, Mid-Missouri disbursed $13,247.84 to USSERY's personal bank account *****0561, on or about May 30, 2007.                                                                                                                                                                                                                                                                                                                                                                                                                           |
| 14 | May 29, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request, invoice and lien waiver in the amount of $23,000 from Lopez Masonry, purportedly for brick and stone work furnished by the company for the construction of the Circle U property.  The lien waiver was purportedly signed by Martin Lopez.  The lien waiver and invoice were not prepared by Lopez Masonry and Lopez did not sign the lien waiver.  USSERY knew that the lien waiver, invoice and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds.  As a result of the misrepresentations, Mid-Missouri disbursed $23,000 to USSERY's personal bank account *****0561, on or about May 30, 2007. |
| 15 | May 30, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request, invoice and lien waiver in the amount of $40,000 from Springfield Heating and Cooling, purportedly for heating and air conditioning work furnished by the company for the construction of the Circle U property.  The lien waiver was purportedly signed by Shaun Tews.  The lien waiver and invoice were not prepared by Springfield Heating and Cooling and Tews did not sign the lien waiver.  USSERY knew that the lien waiver, invoice and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds.  As a result of the misrepresentations, Mid-Missouri disbursed $40,000 to USSERY's personal bank account *****0561, on or about May 30, 2007. |
| 16 | May 31, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request, invoice and lien waiver in the amount of $38,600 from SCS Home Entertainment, purportedly for security system and electrical work furnished by the company for the construction of the Circle U property.  The lien waiver was purportedly signed by Kevin Cunningham.  The lien waiver and invoice were not prepared by SCS Home Entertainment and Cunningham did not sign the lien waiver.  USSERY knew |

11

|    |               | that the lien waiver, invoice and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds. As a result of the misrepresentations, Mid-Missouri disbursed $38,600 to USSERY's personal bank account *****0561, on or about May 31, 2007. |
|----|---------------|---|
| 17 | June 3, 2007  | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request, invoice and lien waiver in the amount of $39,350 from B and K Fireplace, purportedly for installation of fireplaces and other work furnished by the company for the construction of the Circle U property. The lien waiver was purportedly signed by Bruce Gelle. The lien waiver and invoice were not prepared by B and K Fireplace and Gelle did not sign the lien waiver. USSERY knew that the lien waiver, invoice and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds. As a result of the misrepresentations, Mid-Missouri disbursed $39,350 to USSERY's personal bank account *****0561, on or about June 4, 2007. |
| 18 | June 8, 2007  | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request, invoice, and lien waiver in the amount of $12,692 from R and R Plumbing, purportedly for installation of gas lines and other work or material furnished by the company for the construction of the Circle U property. The lien waiver was purportedly signed by Reggie Sale. The lien waiver and invoice were not prepared by R and R Plumbing and Sale did not sign the lien waiver. USSERY knew that the lien waiver, invoice, and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds. As a result of the misrepresentations, Mid-Missouri disbursed $12,692 to USSERY's personal bank account *****0561, on or about June 8, 2007. |
| 19 | June 11, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request, invoice, check and lien waiver in the amount of $26,633.22 from Metro Building Supply, purportedly for installation of electronic appliances cabinets and other work or material furnished by the company for the construction of the Circle U |

| | | |
|---|---|---|
| | | property. The lien waiver was purportedly signed by Dan Fisher. The lien waiver and invoice were not prepared by Metro Building Supply and Fisher did not sign the lien waiver. USSERY knew that the lien waiver, invoice, check and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds. As a result of the misrepresentations, Mid-Missouri disbursed $26,633.22 to USSERY's personal bank account *****0561, on or about June 11, 2007. |
| 20 | June 11, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request, invoice, check and lien waiver in the amount of $42,609 from Davis Cabinet Shop, purportedly for installation of cabinets and other work furnished by the company for the construction of the Circle U property. The lien waiver was purportedly signed by Paul Davis. The lien waiver and invoice were not prepared by Davis Cabinet Shop and Davis did not sign the lien waiver. The check, purported to have been written from USSERY's account at First Midwest Bank, Jackson, Missouri, was never submitted for payment at the bank. USSERY knew that the lien waiver, invoice, check and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds. As a result of the misrepresentations, Mid-Missouri disbursed $42,609 to USSERY's personal bank account *****0561, on or about June 11, 2007. |
| 21 | June 22, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request and lien waiver in the amount of $35,721.06 from Dyke's Lumber, purportedly for lumber and other work or material furnished by the company for the construction of the Circle U property. The lien waiver was purportedly signed by Billy Foster. The lien waiver and invoice were not prepared by Dyke's Lumber and Foster did not sign the lien waiver. USSERY knew that the lien waiver and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds. As a result of the misrepresentations, Mid-Missouri disbursed $35,721.06 to USSERY's personal bank account *****0561, on or about June 22, 2007. |
| 22 | June 25, 2007 | USSERY submitted or caused to be submitted to Mid- |

13

|    |               | Missouri a disbursement request and lien waiver in the amount of $15,100 from Lane Excavating, purportedly for the installation of a septic system and other work or material furnished by the company for the construction of the Circle U property. The lien waiver was purportedly signed by Dennis Lane. The lien waiver was not prepared by Lane Excavating and Lane did not sign the lien waiver. USSERY knew that the lien waiver and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds. As a result of the misrepresentations, Mid-Missouri disburse $15,100 to USSERY's personal bank account *****0561, on or about June 25, 2007. |
|----|---------------|---|
| 23 | June 25, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request, invoice and lien waiver in the amount of $17,327.64 from Willard Electrical, purportedly for electrical work and other work or material furnished by the company for the construction of the Circle U property. The lien waiver was purportedly signed by "Marc Myer." The lien waiver and invoice were not prepared by Willard Electrical which was owned and operated at the time by Mark Huff. Huff did not sign the lien waiver and the purported signature of "Marc Myer," was that of someone not involved with Willard Electrical. USSERY knew that the lien waiver and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to disburse the funds. As a result of the misrepresentation, Mid-Missouri disbursed $17,327.64 to USSERY's personal bank account *****0561, on or about June 25, 2007. |
| 24 | June 28, 2007 | USSERY submitted or caused to be submitted to Mid-Missouri a disbursement request, check and lien waiver in the amount of $11,136.73 from Springfield Cultured Stone, purportedly for stone and other work or material furnished by the company for the construction of the Circle U property. The lien waiver was purportedly signed by Rick Turner. The lien waiver was not prepared by Springfield Cultured Stone and Turner did not sign the lien waiver. USSERY knew that the lien waiver and the disbursement request were false and contained material misrepresentations designed to induce Mid-Missouri to |

| | | disburse the funds. As a result of the misrepresentations, Mid-Missouri disbursed $11,136.73 to USSERY's personal bank account *****0561, on or about June 28, 2007. |
|---|---|---|

**COUNTS TWENTY-FIVE THROUGH THIRTY-EIGHT**
(Money Laundering-Title 18, United States Code, Section 1957)

**The Charges**

16. The factual allegations contained in paragraphs 1-11 of this indictment are incorporated by reference herein.

17. On or about the dates set forth below, in Greene County, in the Western District of Missouri, and elsewhere, the defendant, MICHAEL R. USSERY, alone, and along with others, did knowingly engage and attempt to engage in the following monetary transactions by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the transfer of United States currency, such property having been derived from a specified unlawful activity, that is, bank fraud, in violation of Title 18, United States Code, Section 1344 and False Statements to FDIC Banks regarding advancement of a loan, in violation of Title 18, United States Code, Section 1014; all in violation of Title 18, United States Code, Section 1957 and 2.

| COUNT | DATE | ACT OR ATTEMPTED ACT OF EXECUTION |
|---|---|---|
| 25 | May 29, 2007 | USSERY wrote check #1039 in the amount of $15,000 on his Mid-Missouri account number *****0561 to USS Properties as the payee. This check was later deposited, or caused to be deposited, by USSERY in his capacity as the owner/operator of USS Properties into USS Properties account number ****2515 at Mid-Missouri. The $15,000 check #1039 deposited into the USS Properties account was derived from the illegal proceeds of USSERY's bank fraud and false statements to a bank, as alleged in Counts 1 |

15

|    |               |                                                                                                                                                                                                                                                                                                                                                                                                                                                    |
|----|---------------|---|
|    |               | through 24 of the Indictment. |
| 26 | May 29, 2007  | USSERY wrote check #1051 in the amount of $14,300 on his Mid-Missouri account number *****0561 to USS Properties as the payee.  This check was later deposited, or caused to be deposited, by USSERY in his capacity as the owner/operator of USS Properties into USS Properties account number **1349 at First Midwest Bank in Jackson, Missouri.  The $14,300 check #1051 deposited into the USS Properties account was derived from the illegal proceeds of USSERY's bank fraud and false statements to a bank, as alleged in Counts 1 through 24 of the Indictment. |
| 27 | May 30, 2007  | USSERY wrote check #1054 in the amount of $43,000 on his Mid-Missouri account number *****0561 to USS Properties as the payee.  This check was later deposited, or caused to be deposited, by USSERY in his capacity as the owner/operator of USS Properties into USS Properties account number *****0529 at Mid-Missouri.  The $43,000 check #1054 deposited into the USS Properties account was derived from the illegal proceeds of USSERY's bank fraud and false statements to a bank, as alleged in Counts 1 through 24 of the Indictment. |
| 28 | June 5, 2007  | USSERY wrote check #1061 in the amount of $20,295 on his Mid-Missouri account number *****0561 to USS Properties as the payee.  This check was later deposited, or caused to be deposited, by USSERY in his capacity as the owner/operator of USS Properties into USS Properties account number **1349 at First Midwest Bank in Jackson, Missouri.  The $20,295 check #1061 deposited into the USS Properties account was derived from the illegal proceeds of USSERY's bank fraud and false statements to a bank, as alleged in Counts 1 through 24 of the Indictment. |
| 29 | June 11, 2007 | USSERY wrote check #1070 in the amount of $15,000 on his Mid-Missouri account number *****0561 to USS Properties as the payee.  This check was later deposited, or caused to be deposited, by USSERY in his capacity as the owner/operator of USS Properties into USS Properties account number **1349 at First Midwest Bank in Jackson, Missouri.  The $15,000 check #1070 deposited into the USS Properties account was derived from the illegal |

|    |                |                                                                                                                                                                                                                                                                                                                                                                                                                                                             |
|----|----------------|-----|
|    |                | proceeds of USSERY's bank fraud and false statements to a bank, as alleged in Counts 1 through 24 of the Indictment. |
| 30 | June 12, 2007  | USSERY wrote check #1071 in the amount of $14,000 on his Mid-Missouri account number *****0561 to USS Properties as the payee. This check was later deposited, or caused to be deposited, by USSERY in his capacity as the owner/operator of USS Properties into USS Properties account number **1349 at First Midwest Bank in Jackson, Missouri. The $14,000 check #1071 deposited into the USS Properties account was derived from the illegal proceeds of USSERY's bank fraud and false statements to a bank, as alleged in Counts 1 through 24 of the Indictment. |
| 31 | June 12, 2007  | USSERY wrote check #1072 in the amount of $40,000 on his Mid-Missouri account number *****0561 to USS Properties as the payee. This check was later deposited, or caused to be deposited, by USSERY in his capacity as the owner/operator of USS Properties into USS Properties account number *****0529 at Mid-Missouri. The $40,000 check #1072 deposited into the USS Properties account was derived from the illegal proceeds of USSERY's bank fraud and false statements to a bank, as alleged in Counts 1 through 8 of the Indictment. |
| 32 | June 14, 2007  | USSERY wrote check #1074 in the amount of $17,000 on his Mid-Missouri account number *****0561 to USS Properties as the payee. This check was later deposited, or caused to be deposited, by USSERY in his capacity as the owner/operator of USS Properties into USS Properties account number **1349 at First Midwest Bank in Jackson, Missouri. The $17,000 check #1074 deposited into the USS Properties account was derived from the illegal proceeds of USSERY's bank fraud and false statements to a bank, as alleged in Counts 1 through 24 of the Indictment. |
| 33 | June 20, 2007  | USSERY wrote check #1075 in the amount of $20,000 on his Mid-Missouri account number *****0561 to USS Properties as the payee. This check was later deposited, or caused to be deposited, by USSERY in his capacity as the owner/operator of USS Properties into USS Properties account number **1349 at First Midwest Bank in Jackson, |

| | | |
|---|---|---|
| | | Missouri. The $20,000 check #1075 deposited into the USS Properties account was derived from the illegal proceeds of USSERY's bank fraud and false statements to a bank, as alleged in Counts 1 through 24 of the Indictment. |
| 34 | June 22, 2007 | USSERY wrote check #1079 in the amount of $35,000 on his Mid-Missouri account number *****0561 to USS Properties as the payee. This check was later deposited, or caused to be deposited, by USSERY in his capacity as the owner/operator of USS Properties into USS Properties account number *****0529 at Mid-Missouri. The $35,000 check #1079 deposited into the USS Properties account was derived from the illegal proceeds of USSERY's bank fraud and false statements to a bank, as alleged in Counts 1 through 24 of the Indictment. |
| 35 | July 17, 2007 | USSERY wrote check #1125 in the amount of $13,000 on his Mid-Missouri account number *****0561 to USS Properties as the payee. This check was later deposited, or caused to be deposited, by USSERY in his capacity as the owner/operator of USS Properties into USS Properties account number **1349 at First Midwest Bank in Jackson, Missouri. The $13,000 check #1125 deposited into the USS Properties account was derived from the illegal proceeds of USSERY's bank fraud and false statements to a bank, as alleged in Counts 1 through 24 of the Indictment. |
| 36 | July 31, 2007 | USSERY wrote check #1127 in the amount of $22,000 on his Mid-Missouri account number *****0561 to USS Properties as the payee. This check was later deposited, or caused to be deposited, by USSERY in his capacity as the owner/operator of USS Properties into USS Properties account number **1349 at First Midwest Bank in Jackson, Missouri. The $22,000 check #1127 deposited into the USS Properties account was derived from the illegal proceeds of USSERY's bank fraud and false statements to a bank, as alleged in Counts 1 through 24 of the Indictment. |

| 37 | August 1, 2007 | USSERY wrote check #1103 in the amount of $11,200 on his Mid-Missouri account number *****0561 to Villa Properties as the payee.  This check was later deposited, or caused to be deposited, by USSERY in his capacity as the owner/operator of Villa Properties into a Villa Properties account at Mid-Missouri.  The $11,200 check #1103 deposited into the Villa Properties account was derived from the illegal proceeds of USSERY's bank fraud and false statements to a bank, as alleged in Counts 1 through 24 of the Indictment. |
| 38 | August 7, 2007 | USSERY obtained a cashier's check number 128339 in the amount of $30,633.30 on his Mid-Missouri account number *****0561.  The $30,633.30 cashier's check was derived from the illegal proceeds of USSERY's bank fraud and false statements to a bank, as alleged in Counts 1 through 24 of the Indictment. |

**A TRUE BILL**

  /s/
FOREPERSON OF THE GRAND JURY

 /s/ Randall D. Eggert
RANDALL D. EGGERT
Assistant United States Attorney

DATED:  December 13, 2011

19